### No. 37.—MARY A. WARFIELD *v.* A. J. BOBO et al.

A notarial transfer by the husband to the wife of property in payment of her judgment against him, cannot be canceled and annulled by a subsequent agreement between them.

Contracts between the husband and wife are forbidden except in the cases specially enumerated in article 2421 of the Civil Code.

Where the transfer of real estate is absolutely null and void the creditor may proceed against the property as though it had not been interposed.  12 An. 173.

The prescription of one year cannot be invoked by a party holding under a void title.

APPEAL from the District Court, parish of Morehouse.   *Crawford, J.   Isaiah Garrett*, for plaintiff and appellant.   *John T. Ludeling* and *S. G. Parsons*, for defendants and appellees.

HOWELL, J.   The plaintiff, separate in property from her husband; W. J. Knox, enjoined certain executions, issued by J. R. Temple, upon judgments obtained by creditors against Temple & Knox, a firm once composed of said J. R. Temple and W. J. Knox, upon the ground that she is the owner of the property seized, by purchase from her husband. The defense is that the pretended transfer from Knox to his wife is a simulation and fraud perpetrated by them to screen the property of Knox, who was insolvent, from the pursuit of his creditors; that prior to the date thereof all the claims of the wife against her husband were satisfied and extinguished, and that the said transfer is an absolute nullity, being made by parties incapable of contracting.

Judgment was rendered dissolving the injunction, declaring the act of sale of the property in question simulated, null and void, and condemning the plaintiff and her surety, *in solido*, to pay J. R. Temple $319 80 general damages, two hundred dollars as attorney's fees and costs, from which they have appealed.

In an injunction suit based on the ground that the property seized does not belong to the judgment debtor, but to the plaintiff in the

injunction, the question of ownership is the only one which can be examined. 12 A. 172, 181. Hence the judge *a quo* did not err in not permitting the amended petition to be filed by the plaintiff.

It is shown that plaintiff obtained a judgment against her husband, the amount of which, except $316 23, she received, in a contest with his creditors, and in satisfaction and payment of said balance of $316 23, she subsequently accepted from her husband a notarial transfer of notes, judgments and accounts belonging to him and amounting to $3317 22, less the sum reserved out of them sufficient to pay a debt of one hundred and seventy dollars garnisheed in the hands of the husband's attorneys. Two years after this, and in the act of sale of the land in question to plaintiff, the parties declared that they canceled and annulled the foregoing transfer, thus leaving, as stated in the act, the husband indebted to his wife on said judgment in the said sum of $316 23, with legal interest as allowed thereon and to pay which and the further sum of two hundred and twenty-five dollars, acknowledged in the act to have been advanced to the husband by the wife, to purchase the land from the government, the husband transfers said land to his wife.

It is clear that this act did not accomplish what the parties seem to have proposed, for it is legally certain that the sum of $316 23 was not due the wife. She had formally accepted a notarial transfer of property in full payment of her judgment and the parties were totally incompetent to rescind said transfer by any act between themselves and revive the judgment. And we are not prepared to admit that they could enter into a contract of loan and make the husband a debtor of the wife as was attempted. It may here be remarked that the record shows that the land was entered by a military warrant. By the Code contracts between husband and wife are forbidden (article 1784), except in those cases only which are specially enumerated in article 2421. Out of these enumerated exceptions all attempted contracts between them are nullities. 1 A. 301; 2 A. 483; 4 A. 65. The contract under consideration is not within these exceptions. It proposes to undo a settlement of the wife's paraphernal rights and to create a debt against the husband, which is not permitted, and hence there was no consideration for the pretended transfer.

It is a contract without legal existence, and as to creditors is a mere shadow on the title of the husband, and they may proceed against the property as though it had not been interposed. 12 A. 173. As a necessary consequence, the prescription of one year filed in this court does not apply. 2 A. 483; 4 A. 71.

The views herein adopted render it unnecessary to pass on the bills of exception on the question of evidence.

Each party has asked an amendment of the judgment for damages. The two sums allowed do not together amount to twenty per cent. on

Mary A. Warfield v. A. J. Bobo et al.

the value of the land assumed by the District Judge, which is the average of the estimates made by the sheriff and by a witness, and we have no means of making a more accurate estimate than the judge of the first instance.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Mr. Chief Justice Ludeling recused.